### WILLIAMS v. AMERICAN CHEWING GUM CO.

(Circuit Court of Appeals, Fifth Circuit. December 21, 1911.)

No. 2,273.

COMMERCE (§ 40*)—INTERSTATE COMMERCE—SALES.

  Where plaintiff shipped goods from Missouri and Tennessee to Texas, to be sold by defendant as its agent on commission, and suit was brought to recover the value of goods on hand at the time of demand for return after rescission of the contract of employment, such arrangement constituted interstate commerce, and it was immaterial whether plaintiff had a license or a permit to do business in Texas.

  [Ed. Note.—For other cases, see Commerce, Dec. Dig. § 40.*

  Foreign corporations "doing business" in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

In Error to the Circuit Court of the United States for the Northern District of Texas.

Action by the American Chewing Gum Company against T. C. Williams. Judgment for plaintiff, and defendant brings error. Affirmed.

Marcus M. Parks, for plaintiff in error.
Fred H. Lowrance, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. Notwithstanding the original contract between the American Chewing Gum Company and T. C. Williams was illegal and contrary to public policy, in that it provided for and called for services in carrying on a raffle or lottery, the American Chewing Gum Company had a right to rescind and disaffirm said contract, and thereupon demand a return of all goods, wares, and merchandise delivered to said Williams under said contract on hand and unsold at the time of rescission (Pullman Car Company v. Central Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108); and in case the said T. C. Williams, after notice of such rescission and demand, converted to his own use or otherwise disposed of said goods so remaining on hand at the time of rescission, then, in the present

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suit, under the pleadings as perfected and the evidence submitted on the trial, the American Chewing Gum Company was entitled to judgment against the defendant for the reasonable cash .market value of the goods on hand at the time of the demand made for the return of the same.

The record in this case shows that the value of the goods on hand at the time of the demand for the return of same after the rescission of the contract was the measure of recovery. It does not appear that the American Chewing Gum Company made any contract with T. C. Williams in the state of Texas, or transacted any business in the state of Texas, other than shipping goods from Missouri and Tennessee to Texas, to be sold by Williams as agent on commission. As this case comes to this court, it is not a suit to recover in or upon any contract made in the state of Texas, or on or for any business transacted in the state of Texas. It was therefore immaterial whether the American Chewing Gum Company had a license or permit from the state of Texas to do business in that state.

We find no reversible error, either in the rulings on the pleadings or in giving or refusing instructions to the jury.

The judgment of the Circuit Court is affirmed.